JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Anthony Beasley ("Beasley") appeals from the decision of the Cuyahoga County Court of Common Pleas to sentence him to a maximum term of imprisonment after he pled guilty to a felonious assault offense. For the reasons adduced below, we affirm.
 {¶ 2} The following facts give rise to this appeal. Beasley was indicted by the Cuyahoga County Grand Jury on two counts. Count one charged aggravated robbery in violation of R.C. 2911.01
and count two charged felonious assault in violation of R.C.2903.11. Beasley entered a plea of guilty to the felonious assault charge, and the aggravated robbery charge was nolled.
 {¶ 3} The felonious assault charge arose out of an incident that occurred on October 5, 2002. On that date, Brandon Witt ("Witt") initiated a confrontation with the victim by trying to take money from him. When the victim resisted, Witt delivered several punches to the victim's head and face. After Witt had beaten the victim and rendered him defenseless, Beasley stepped in and delivered several more blows to the victim. The victim sustained serious physical harm from the blows.
 {¶ 4} At the sentencing hearing, Beasley indicated his remorse to the victim and the victim's family. Members of the victim's family addressed the court about the incident and the seriousness of the victim's injuries. The victim had multiple injuries to his face, including a broken jaw, broken nose, and broken bones near his cheekbone and eye socket. The victim went through several hours of facial surgery and had to be placed on a ventilator. He was left with permanent scars and, at the time of sentencing, he still had difficulty eating. Photographs of the victim and a letter from the victim's surgeon explaining the extent of the injuries were also presented to the court.
 {¶ 5} Beasley, who was 20 years old at sentencing, had a lengthy history of criminal convictions. Beasley had juvenile convictions for burglary, weapons control, assault, receiving stolen property, and vandalism. Beasley had adult convictions for criminal damaging, possession of alcohol by a minor, disorderly conduct, and assault with disorderly conduct. Beasley also had a demonstrated pattern of alcohol abuse and had indicated he was drunk when the current offense happened.
 {¶ 6} After considering the presentence investigation report, the victim impact statements, the statements of defense counsel and of Beasley, the photographs and doctor's letter, and Beasley's criminal history, the trial court proceeded to engage in a sentencing analysis. Following its analysis, the trial court sentenced Beasley to the maximum sentence of eight years' imprisonment. The court also imposed a fine of $5,000 and ordered Beasley to three years of post-release control.
 {¶ 7} Beasley has appealed the trial court's sentencing order, raising two assignments of error for our review. Beasley's first assignment of error states:
 {¶ 8} "The trial court abused its discretion in imposing the maximum term of incarceration to a first time offender."
 {¶ 9} R.C. 2929.14(B) provides that in imposing a sentence upon a felony offender who has not previously served a prison term, "the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 10} Further, in order for a trial court to impose the maximum sentence, it must make the required findings set forth in R.C. 2929.14(C), which provides in relevant part: "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes. * * *" In addition, R.C. 2929.19(B) requires the trial court to "make a finding that gives its reasons for selecting the sentence imposed" and if that sentence is the maximum term allowed for that offense, the judge must set forth "reasons for imposing the maximum prison term." Failure to enumerate the findings behind the sentence constitutes reversible error. State v. Edmonson
(1999), 86 Ohio St.3d 324, 329.
 {¶ 11} In the instant case, Beasley had not served a prison term as an adult. The trial court outlined the statutory requirements and determined that the shortest prison term would demean the seriousness of the offense, stating as follows:
"[T]he shortest term would not adequately protect the public * * *and it would demean the seriousness of the offense, from theinformation and evidence available to the Court, the victim, atthe point where you were involved, was injured and helpless. Andthe [victim], he ended up having to undergo several surgeries andhospital stays, and has permanent scars. And he did not provokethis attack in any way, at least with respect to you."
 {¶ 12} In deciding to impose the maximum sentence, the trial court set forth the following findings and reasons on the record:
"In this instance the Court finds that based upon the lengthyhistory that you have had from 1995 as a juvenile, and then thecontinued series of events as an adult, and then considering thefactors that went into this offense, which involved a young manwho you didn't know, and who now is suffering after the fact of aserious injury, the Court does find that you have committed themore serious form of the offense.
 "And based upon your past record involving the assault andother convictions, as well as the criminal damaging and otherthings as an adult, that you pose the greatest likelihood ofcommitting future crimes. That is a sad thing to say for somebodyas young as you. But the reason for that is that the victim inthis case, [the victim], did not know you. Also he was at someoneelse's house, and you came there, and he didn't provoke you.
 "Apparently your friend was trying to pat people down formoney. I don't know if that was a joke or not. I do know that[the victim] certainly was entitled to resist someone going intohis pockets.
 "And even after hours of surgery, he has permanent scars andis not able at this point to eat properly, or to appear as he didbefore, and that is something he will always carry with him.
 "He was placed on a ventilator. I can't imagine how afraid hemust have been.
 "It's not my place to consider that. My place is to considerobjectively what was done and how serious it was. And there isnothing that will be done to make him as he was before.
 "Your conduct was inexplicable, except that you were not incontrol of yourself. And you can't be counted on not to harmsomeone else or to commit another offense.
 "So I am going to find that is the worst form of the offense,and I am going to sentence you to eight years at LCI."
 {¶ 13} Our review of the transcript reflects that the trial court complied with the statutory requirements for departing from the minimum sentence for first-time imprisonment and for imposing the maximum sentence.
 {¶ 14} While Beasley argues that the trial court impermissibly relied upon the aggravated robbery charge to elevate its findings to the worst form of the offense, we do not find this to be the case. Indeed, before the trial court considered imposing the maximum sentence, the court specifically stated that under the sentencing law it was not considering the robbery and that "the Defendant has pled guilty to the felonious assault, and that is the only charge that I will be considering." Further, there is nothing in the trial court's statements to suggest that the court was considering the robbery charge as justification for the maximum sentence. While the court referenced the pat down of the victim for money, this reference was only in the context of establishing that the victim did not provoke Beasley.
 {¶ 15} Beasley also claims the trial court failed to provide sufficient reasons for finding he committed the worst form of the offense and imposing the maximum prison term. Our review of the record reflects the trial court considered the factors that went into the present offense, including that the victim did not know Beasley, the victim did not provoke Beasley, and the victim suffered serious injuries. The trial court also reviewed Beasley's criminal history and found he posed the greatest likelihood of committing future crimes. We find the trial court made the required findings and set forth sufficient reasons for imposing the maximum prison term.
 {¶ 16} Beasley's first assignment of error is overruled.
 {¶ 17} Beasley's second assignment of error states:
 {¶ 18} "The trial court erred in imposing a term of incarceration that is not proportionate to similarly situated defendants."
 {¶ 19} Beasley argues the record is devoid of any proportionality analysis and that his sentence was disproportionate to the sentence subsequently imposed upon Witt, who initially began beating on the victim. Beasley states that Witt, who pled to the same charges before the same judge, only received a sentence of three years.
 {¶ 20} R.C. 2929.11(B) reads as follows: "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(A) provides that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender."
 {¶ 21} While R.C. 2929.11 does not require a trial court to make findings on the record, a record must nevertheless adequately demonstrate that the trial court considered the objectives of R.C. 2929.11(B). State v. Turner, Cuyahoga App. No. 81449, 2003-Ohio-4933. As we recognized in State v.Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341, "trial courts are given broad but guarded discretion in applying these objectives to their respective evaluations of individual conduct at sentencing."
 {¶ 22} Our review of the record does not demonstrate that the trial court failed to consider the objectives set forth in R.C.2929.11. The trial court judge acknowledged his "job is to go through and sentence [Beasley] under the Revised Code Statute, with the purposes and principles of Revised Code 2929.11." The court also recognized the overriding purposes of felony sentencing, "to punish the offender and protect the public from further crime by the offender and others."
 {¶ 23} While Beasley argues his sentence was not consistent with the sentence imposed upon Witt, there is nothing in the record to show that the difference in Beasley's sentence was the result of anything other than individualized factors that were applied to Beasley. Further, the defense's reliance on one other sentence, which was imposed after his, does not show that the court failed to consider whether Beasley's sentence was "consistent with sentences imposed for similar crimes committed by similar offenders." We reiterate that consistency in sentencing does not require uniform results. State v. Turner,
supra.
 {¶ 24} We recognize that the principle of sentencing for "imposing consistent sentences for similar crimes committed by similar offenders" is subject to much scrutiny. Ohio law offers a range of sentences to be imposed upon offenders, yet provides little guidance on what weight is to be given to divergent factors to ensure proportionality. Without a system in which values are assessed to such divergent factors, trial courts must be given broad discretion in determining the sentences to be imposed in the cases before them. Thus, as we have previously held, the task of the appellate court is to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Turner, supra. We bear in mind that although offenses may be similar, there may be distinguishing factors that justify dissimilar sentences. Id. In this case, there is nothing in the record to show that the difference in Beasley's sentence from those of similar offenders was the result of anything other than the individualized factors that were applied to Beasley. In this case, Beasley committed a very serious crime that caused significant physical harm to the victim. The court reviewed Beasley's long history of criminal offenses and found that recidivism was likely. The court also considered the facts of the case, which included the fact that Beasley delivered blows to a defenseless victim causing serious physical injuries. The victim neither knew nor provoked Beasley. Upon these considerations, the court imposed the maximum eight-year term of imprisonment for the offense of felonious assault to which Beasley pled guilty.
 {¶ 25} On balance, we cannot say the sentence is so unusual as to be outside the mainstream of local judicial practice. We find that the record adequately demonstrates that the trial court considered the objectives of R.C. 2929.11(B) when sentencing Beasley.
 {¶ 26} Beasley's second assignment of error is overruled.
 {¶ 27} The judgment is affirmed.
Judgment affirmed.
Ann Dyke, P.J., and James J. Sweeney, J., Concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.