[Cite as *State v. Berlingeri*, 2011-Ohio-2528.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95458

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DOMINIC BERLINGERI, JR.

DEFENDANT-APPELLANT

---

JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas

Case No. CR-527719

BEFORE: Stewart, P.J., Sweeney, J., and Keough, J.

RELEASED AND JOURNALIZED: May 26, 2011

ATTORNEY FOR APPELLANT

Jeffrey R. Froude
P.O. Box 761
Wickliffe, OH 44092-0761


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: Marc D. Bullard
Katherine Mullin
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH 44113


MELODY J. STEWART, P.J.:

{¶ 1} Defendant-appellant, Dominic Berlingeri, Jr., appeals his conviction and 15-year sentence after pleading guilty to 12 counts of aggravated robbery. For the reasons stated below, we affirm.

{¶ 2} On August 31, 2009, Berlingeri and six co-defendants were charged in a 26-count indictment with 12 counts of aggravated robbery, 12

counts of kidnapping, and one count each of disrupting public service and vandalism. These charges arose from their joint participation in the armed robbery of 12 victims in a "high stakes" poker game. Each count against Berlingeri included one and three-year firearm specifications, a notice of prior conviction, and a repeat violent offender specification. Berlingeri entered into a plea agreement under which he entered guilty pleas to 12 amended counts of aggravated robbery, each with a notice of prior conviction and a three-year firearm specification. The remaining charges were dismissed.

{¶ 3} The trial court accepted Berlingeri's guilty pleas and imposed a sentence of six years on each of the aggravated robbery counts. The court ordered the six-year term for the first count of aggravated robbery to be served consecutively to the concurrent terms on the remaining 11 counts. With the mandatory three-year term for the merged firearm specifications, Berlingeri was sentenced to a total of 15 years in prison. It is from this conviction that Berlingeri appeals, raising three assignments of error.

{¶ 4} In his first assignment of error, Berlingeri challenges the validity of his guilty pleas, arguing that his pleas were not knowingly, intelligently, or voluntarily made because he was misinformed of the maximum penalty that could be imposed for the offenses to which he entered a plea. He argues that the trial court explained that the punishment for aggravated robbery of 12 victims is three to ten years in prison when, in fact, he faced a maximum

penalty of 123 years incarceration. He also claims that because he was taking a powerful antidepressant, the court needed more information about his mental health before accepting his pleas so as to be certain he understood the maximum period of incarceration he was facing.

{¶ 5} In *State v. Johnson* (1988), 40 Ohio St.3d 130, 133, 532 N.E.2d 1295, the Ohio Supreme Court held that Crim.R. 11(C) did not require that a defendant be told the maximum total of the sentences he faces, or that the sentence could be imposed consecutively in order for the plea to be voluntary. The court noted that Crim.R. 11(C) "speaks in the singular," and therefore the phrase "maximum penalty" that is required to be explained in Crim.R. 11(C)(2)(a), refers to a single crime rather than the total of all sentences. Id.

{¶ 6} In the instant case, the trial court explained the "penalties" for the crime of aggravated robbery in Counts 1 through 12 were three to ten years for the "base crime," a mandatory three-years for the firearm specification, and a mandatory five-year period of postrelease control. The court further explained that due to the notice of prior conviction, prison time was mandatory. We find the court's explanation sufficiently advised Berlingeri of the maximum penalty he faced for his plea.

{¶ 7} We are also not persuaded by Berlingeri's argument that the trial court needed more information regarding his mental health before accepting his pleas. There is nothing in the record to support Berlingeri's allegation

that he has limited mental capabilities or that he was unable to understand the court's maximum-penalty explanation because of medication he was taking. The record reflects that prior to the plea hearing, Berlingeri underwent a competency evaluation at Northcoast Behavioral Healthcare and was found competent to stand trial. If a defendant is determined to be competent to stand trial, he is also competent to plead guilty. *State v. Bolin* (1998), 128 Ohio App.3d 58, 62, 713 N.E.2d 1092, citing *Godinez v. Moran* (1993), 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321. Additionally, before accepting Berlingeri's guilty pleas, the trial court asked him about the medication he was taking and whether he was able to think clearly at the time. Berlingeri responded that he was. After explaining the penalties Berlingeri was facing for a plea of guilty, the court stopped and asked Berlingeri if he understood the explanation. Berlingeri said he did. Berlingeri also told the court that he was satisfied with his counsel's representation and had no questions about the case or the plea hearing. On this record, we find that the trial court substantially complied with the requirements of Crim.R. 11(C) and that Berlingeri understood the maximum penalty he faced for his plea. Accordingly, the trial court did not err when it accepted Berlingeri's pleas. The first assignment of error is overruled.

In his second assignment of error, Berlingeri claims that the trial court erred by sentencing him without considering a presentence investigation

report ("PSI"). He argues that postrelease control is a form of community control and, therefore, the trial court was required under Crim.R. 32.2 and R.C. 2951.03(A)(1) to consider a written PSI before imposing sentence.

{¶ 8} We first note that Berlingeri did not request a PSI prior to sentencing or object to the absence of one at sentencing. In fact, defense counsel acknowledged the absence of a PSI at sentencing and told the court, "We didn't even dream to ask. That would be an affront to everyone. He knows he is going to prison." Accordingly, Berlingeri waived all but plain error on this issue.

{¶ 9} Under certain circumstances a trial court may exercise its discretion and sentence a felony offender to community control sanctions instead of prison. R.C. 2929.15. Before doing so, the court must first obtain a PSI. R.C. 2951.03. A trial court is without authority to order a community control sanction in felony cases without a PSI. *State v. Peck*, 8th Dist. No. 92374, 2009-Ohio-5845. However, a PSI is mandatory only if the trial court sentences a felony offender to community control sanctions instead of prison. *State v. Leonard*, 8th Dist. No. 88299, 2007-Ohio-3745, ¶15. The option of a community control sentence is not available when the conviction carries a mandatory prison term. R.C. 2929.15 (A)(1). Since Berlingeri faced mandatory incarceration in this case, community control was not an option. Therefore, a presentence investigation and report were not required.

{¶ 10} Berlingeri's second assignment of error is overruled.

{¶ 11} In his third assignment of error, Berlingeri argues that the trial court erred by imposing disparate sentences on similar offenders. He maintains that since there was only one crime committed, all of the co-defendants are identically guilty and should receive similar sentences. He argues that his 15- year sentence is disproportionate to that of the other co-defendants who received sentences ranging from community control to 12 years. He notes that he is the only one that received a consecutive sentence and that the "mastermind" of the robbery received a sentence of only eight years. He further argues that the trial court could not rely on "individualized factors" to justify giving him more time because the court did not order a PSI to provide those factors. We find these arguments lacking in merit.

{¶ 12} R.C. 2929.11(B) requires the court impose a sentence that is "reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." There is no requirement that co-defendants receive equal sentences. *State v. Wickham*, 5th Dist. No. CT2006-0084, 2007-Ohio-1754, ¶29, citing *State v. Lloyd*, 11th Dist. No. 2002-L-069,

2003-Ohio-6417, ¶21 and *United States v. Frye* (C.A.6, 1987), 831 F.2d 664, 667. "Each defendant is different and nothing prohibits a trial court from imposing two different sentences upon individuals convicted of similar crimes." *Wickham* at ¶29, citing *State v. Aguirre*, 4th Dist. No. 03CA5, 2003-Ohio-4909, at ¶50. When that happens, "the task of the appellate court is to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. We bear in mind that although offenses may be similar, there may be distinguishing factors that justify dissimilar sentences." *State v. Beasley*, 8th Dist. No. 82884, 2004-Ohio-988, ¶24 (internal citation omitted).

{¶ 13} The record reveals that there were distinguishing factors to justify the dissimilar sentences. Berlingeri was one of the six defendants who accepted plea bargains with the state. Some of those defendants were allowed to plead to reduced charges based upon their level of participation in the armed robbery and their cooperation with the state. The record reflects that the trial court considered these factors in mitigation. The court also considered other factors relating to seriousness and recidivism. Of the six defendants that entered pleas, only Berlingeri's plea included a notice of prior conviction. The court considered Berlingeri's prior criminal record and noted that he had been out of prison for only two years before committing this crime.

{¶ 14} Upon consideration of the sentences imposed for all of the defendants in this case, we cannot say that Berlingeri's sentence is so unusual as to be outside the mainstream of local judicial practice. The record demonstrates that the court imposed a sentence that is within the range of sentences for the offenses and that the trial court considered the objectives of R.C. 2929.11(B) when sentencing Berlingeri. Accordingly, the third assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR