[Cite as *State v. St. Martin*, 2012-Ohio-1633.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96834

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JEFFREY ST. MARTIN

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-536179

**BEFORE:**   Keough, J., Sweeney, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   April 12, 2012

**ATTORNEY FOR APPELLANT**

Jeffrey S. Richardson
Richardson & Kucharski Co., LPA
1200 West 3rd Street
Suite 190
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Michael E. Jackson
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Jeffrey St. Martin ("St. Martin"), appeals his sentence. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶2} In 2010, St. Martin was indicted on 127 counts stemming from a fraudulent mortgage scheme he and 17 co-defendants were involved in from 2005 to 2006. In 2010, St. Martin pled to 21 of those counts, which included an amended count of engaging in a pattern of corrupt activity, a second-degree felony, in violation of R.C. 2923.32; one count of money laundering, a third-degree felony, in violation of R.C. 1315.55; five counts of theft by deception, felonies of the third degree, in violation of R.C. 2913.02; twelve counts of tampering with records, felonies of the third degree, in violation of R.C. 2913.42; and two counts of Mortgage Banker Registration, fifth-degree felonies, in violation of R.C. 1332.02.

{¶3} As part of the plea agreement, St. Martin also agreed to (1) forfeit $30,000 and the seized computers obtained by law enforcement, (2) pay $3,089,750 in restitution, and (3) cooperate with law enforcement in other mortgage fraud investigations. In exchange, the State agreed to dismiss the remaining 106 counts against St. Martin, and that his guilty pleas would be dispositive of any other charges that may arise concerning mortgage deals in Cuyahoga County where St. Martin acted as a "broker or deal maker."

**{¶4}** In January 2011, the trial court sentenced St. Martin to six years in prison on the one count of engaging in a pattern of corrupt activity; the court sentenced him to concurrent prison terms on the remaining charges. St. Martin, in his delayed appeal, challenges the court's imposition of restitution and his sentence.

## II. Restitution Order

**{¶5}** In his first assignment of error, St. Martin contends that the trial court committed plain error when it sentenced him to pay an amount of restitution in violation of his state and federal rights to due process as guaranteed by Article I, Section 10 of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution because (1) the restitution amount was beyond what was statutorily allowed, and (2) he lacks the ability to pay the amount ordered.

**{¶6}** "R.C. 2929.18(A)(1) permits a trial court, as part of a sentence, to order restitution to the victim of the offender's crime in an amount based on the victim's economic loss." *State v. Hody*, 8th Dist. No. 94328, 2010-Ohio-6020, ¶ 24, quoting *State v. Stamper*, 12th Dist. No. CA2009-04-115, 2010-Ohio-1939, ¶ 16. Pursuant to R.C. 2929.19(B)(6), before ordering restitution, the trial court must consider the offender's present and future ability to pay the restitution. *Id*. The court must also determine the amount of restitution to a reasonable degree of certainty, ensuring that the amount is supported by competent, credible evidence. *Id*., citing *State v. Warner*, 55 Ohio St.3d 31, 69, 564 N.E.2d 18 (1990). If there is a plea agreement, the trial court may satisfy its burden to consider a defendant's ability to pay by asking the defendant if he

understands that the restitution amount is part of the sentence. *State v. Myrick*, 8th Dist. No. 91492, 2009-Ohio-2030, ¶ 31.

{¶7} In this case, St. Martin agreed to the restitution order as part of his plea agreement with the State. Neither he nor his defense counsel raised any objection to the amount of restitution ordered or to whether St. Martin would be able to pay that amount. Failure to object waives all but plain error. *State v. Lalain*, 8th Dist. No. 95857, 2011-Ohio-4813, ¶ 11, citing *State v. Jarrett*, 8th Dist. No. 90404, 2008-Ohio-4868. Under Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Plain error exists only if but for the error, the outcome of the trial clearly would have been otherwise, and is applied under exceptional circumstances and only to prevent a manifest miscarriage of justice." (Citation and quotations omitted.) *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61.

{¶8} This court has repeatedly held that when the State and the defense enter into a stipulation as to the amount of restitution, the stipulation is sufficient to support the trial court's order and precludes the defendant from complaining about it on appeal. *Hody* at ¶25, citing *State v. Sancho*, 8th Dist. No. 91903, 2009-Ohio-5478. *See also State v. Alberto*, 8th Dist. No. 94639, 2011-Ohio-208; *Myrick*. Furthermore, nothing in R.C. 2929.18(A)(1) prohibits an award of restitution greater than the maximum associated with the degree of offense when the defendant has agreed to pay more as part of a plea

agreement. *Lalain* at ¶ 27, S. Gallagher, J., dissenting, citing *State v. Wickline*, 3d Dist. No. 8-10-20, 2011-Ohio-3004, ¶ 14-15.

{¶9} The record reflects that St. Martin, who holds a bachelor's degree in accounting, specifically agreed to the restitution amount at the plea hearing. The trial court asked during the plea colloquy, "And do you also understand that you must make restitution in the amount of $3,089,750? Do you understand that?" St. Martin replied in the affirmative, "I do, yes." During the sentencing phase, the prosecutor set forth the amount of restitution and delineated and apportioned the amount of restitution to be paid to each financial institution victim. At no time during the plea colloquy or during the sentence did St. Martin interject to object to the amount or his ability to pay the restitution amount.

{¶10} Accordingly, because St. Martin entered into a negotiated plea agreement and did not object to the restitution at the time of entering his plea or when he was sentenced, we find no error, plain or otherwise, by the trial court in ordering restitution in the amount of $3,089,750, even though the amount ordered is beyond the statutory maximum. St. Martin's first assignment of error is overruled.

III.  Sentence

{¶11} St. Martin contends in his second assignment of error that his sentence is contrary to law because the trial court erred by imposing a sentence that is not consistent to similarly situated offenders, thereby violating R.C. 2929.11(B).

**{¶12}** As relevant to this appeal, under R.C. 2929.11(B), a felony sentence must be "consistent with sentences imposed for similar crimes committed by similar offenders." "To support a claim that a 'sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal.'" *State v. Searles*, 8th Dist. No. 96549, 2011-Ohio-6275, ¶ 25, quoting *State v. Edwards*, 8th Dist. No. 89181, 2007-Ohio-6068, ¶ 11. In this case, St. Martin did not raise the issue of proportionality with the trial court. Nevertheless, we find that St. Martin's argument is without merit.

**{¶13}** A felony sentence should be proportionate to the severity of the offense committed, so as not to "shock the sense of justice in the community." *State v. Chafin,* 30 Ohio St.2d 13, 17, 282 N.E.2d 46 (1972). *See also* R.C. 2929.11(B). A defendant alleging disproportionality in felony sentencing has the burden of producing evidence to "indicate that his sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses * * *." *State v. Breeden*, 8th Dist. No. 84663, 2005-Ohio-510, ¶ 81.

**{¶14}** St. Martin argues that his co-defendants were similarly situated to him, yet each co-defendant was sentenced to a term of probation whereas he was sentenced to a six-year term of imprisonment. Although St. Martin recognizes that his co-defendants were sentenced "for a lesser amount of crimes," he contends that the differences in the sentences demonstrate that his sentence violates R.C. 2929.11(B).

{¶15} In *State v. Berlingeri*, 8th Dist. No. 95458, 2011-Ohio-2528, this court addressed a similar proportionality argument and noted:

> There is no requirement that co-defendants receive equal sentences. Each defendant is different and nothing prohibits a trial court from imposing two different sentences upon individuals convicted of similar crimes. When that happens, the task of the appellate court is to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. We bear in mind that although offenses may be similar, there may be distinguishing factors that justify dissimilar sentences. (Internal citations and quotations omitted). *Id*. at ¶ 12; *see also State v. Smith*, 8th Dist. No. 95243, 2011-Ohio-3051, appeal not allowed, 130 Ohio St.3d 1477, 2011-Ohio-6124, 957 N.E.2d 1168.

{¶16} A review of the record in this case reflects that the first distinguishing factor is that neither of St. Martin's co-defendants pled to a second-degree felony. Pursuant to R.C. 2929.14(A)(2), a second-degree felony, which carries a presumption of prison, is punishable from two to eight years in prison; therefore, the six years imposed is well-within the statutory range allowed by law. Moreover, St. Martin pled to an additional 20 counts, including 18 third-degree felonies and two fifth-degree felonies. Finally, as the trial court noted, St. Martin was alleged to be the "ringleader" of this fraudulent mortgage scheme enterprise.

{¶17} Accordingly, we find that the trial court's decision to impose a six-year prison term was not contrary to law. St. Martin's second assignment of error is overruled.

{¶18} Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY, P.J., and
LARRY A. JONES, SR., J., CONCUR