[Cite as *State v. Kosak*, 2014-Ohio-2310.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.    2013 CA 67 |
| v. | : | T.C. NO.    13CR208 |
| BRITTNEY M. KOSAK | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____30th____ day of ____May____, 2014.

. . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

CHARLES W. SLICER, III, Atty. Reg. No. 0059927, 111 W. First Street, Suite 518, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

**{¶ 1}**   Brittney M. Kosak pled guilty to and was convicted of six counts of

trafficking in cocaine in the Greene County Court of Common Pleas; one count was a felony of the first degree, four were felonies of the second degree, and one was a felony of the fourth degree. On the first-degree felony, Kosak was sentenced to a mandatory term of nine years in prison. The trial court's sentences on all of the other counts ran concurrently with this sentence. Kosak appeals from her convictions, challenging her sentences.

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed.

{¶ 3} Between June and September 2012, Kosak was involved in several controlled drug buys involving a confidential informant, who was working for the Greene County ACE Task Force. On April 26, 2013, she was indicted on seven counts of trafficking in cocaine, six counts of possession of cocaine, one count of engaging in a pattern of corrupt activity, and one count of conspiracy to commit engaging in a pattern of corrupt activity.

{¶ 4} On August 23, 2013, Kosak pled guilty to six counts of trafficking in cocaine, in exchange for which the other counts were dismissed. As stated above, the counts to which she pled ranged from a felony of the first degree, which required a mandatory term of imprisonment, to a felony of the fourth degree. The trial court imposed nine years of mandatory imprisonment for the felony of the first degree. Lesser sentences were imposed for the other offenses, ranging from four years to nine months, and these sentences were ordered to be served concurrently with the mandatory sentence, for an aggregate term of nine years. The court also imposed a period of post-release control on each count, including a mandatory term of five years on the most serious offense. The court did not order Kosak to pay restitution, but it did order her to reimburse the ACE Task Force

"for drug buy money," with "joint and several liability" with her co-defendant.

{¶ 5} Kosak rasies two assignments of error on appeal.

{¶ 6} The first assignment of error states:

**The trial court imposed a sentence that is contrary to law due to a failure to address either the purposes and principles of felony sentencing or the seriousness and recidivism factors.**

{¶ 7} Kosak contends that her sentence was contrary to law because the trial court did not adequately address the purposes and principles of felony sentencing, as set forth in R.C. 2929.11, or the seriousness and recidivism factors, as set forth in R.C. 2929.12. Kosak concedes that the trial court mentioned its consideration of these factors, but she argues that, without a more detailed discussion of the factors, the court's sentence was contrary to law.

{¶ 8} A sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.), citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

{¶ 9} The State correctly observes in its brief that Kosak "is asking this Court to require something of the trial court that the Ohio Supreme Court has already held that the trial courts are not required to do," and Kosak provides no support for her argument that specific findings regarding the purposes and principles of sentencing, the seriousness of her offenses, and her likelihood of recidivism were required.

{¶ 10} Moreover, the court's comments at the sentencing hearing and findings in the judgment entry indicated that Kosak had previously been convicted of a similar trafficking offense, for which she had served a prison sentence, that she had trafficked a substantial amount of cocaine in this case, that she did not take full responsibility for her actions, and that she did not show remorse except as to the adverse effects that a prison sentence would have on her own life. These factors supported the trial court's implicit conclusion that the purposes and principles of sentencing would be served by a substantial prison term, that the offenses were serious ones, and that Kosak's likelihood of recidivism was high.

{¶ 11} The sentences imposed were within the statutory range, and the court stated in its judgment entry that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. The sentences imposed by the trial court were not contrary to law.

{¶ 12} The first assignment of error is overruled.

{¶ 13} The second assignment of error states:

**The trial court committed abuse of discretion when it imposed a nine (9) year sentence on the Appellant when similarly situated co-defendants received lesser sentences.**

{¶ 14} Kosak asserts that the trial court abused its discretion because it did not state its reasons for imposing a nine-year sentence, its reasons for imposing a non-minimum sentence, or why the sentences imposed on her "co-defendants" were "disproportionately lesser" than the sentence she received.

{¶ 15} Kosak's conviction of trafficking in Count 5 was a felony of the first degree for which the court was required to impose a mandatory sentence. R.C. 2925.03(C)(4)(f); R.C. 2929.13(F)(5). The possible sentences ranged from three years to eleven years, R.C. 2929.14(A)(1), and the court imposed nine years. Kosak was convicted on four additional counts of trafficking, each of which was a felony of the second degree, and she was sentenced to four years on each of these counts. The sentence for one additional count of trafficking, a felony of the fourth degree, was nine months. The court ordered that all of the sentences be served concurrently, for an aggregate term of nine years. The court did not impose the minimum sentence, but it also did not impose the maximum sentence on any of the offenses or run the sentences consecutively. The court noted that Kosak's maximum potential sentence was 44½ years.

{¶ 16} At the sentencing hearing, Kosak and her mother portrayed Kosak as a somewhat innocent participant in the trafficking, claiming that she had been trying to help a pregnant friend pay rent, and asserting that she (Kosak) had been pressured by others to sell drugs. Kosak claimed that she had learned her lesson when she previously went to prison on drug charges and that she had "learned her lesson quite enough" in her personal life as well. In response, the trial court stated that she needed "a bit of a reality check" with respect to her assertion that she was not a drug dealer. "You are a drug dealer. * * * I can't remember the last time somebody came in front of me who sold so many drugs to undercover police officers in the county."

{¶ 17} Kosak's argument that the trial court was required to make findings of fact before imposing a non-minimum sentence is without merit, as was discussed under the first assignment.

{¶ 18} In her brief, Kosak also asserts that her sentence was disproportionate to her "co-defendants'" sentences. A defendant alleging disproportionality in felony sentencing has the burden of producing evidence to "indicate that his [or her] sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses * * *." *State v. St. Martin*, 8th Dist. Cuyahoga No. 96834, 2012-Ohio-1633, ¶ 13, citing *State v. Breeden*, 8th Dist. Cuyahoga No. 84663, 2005-Ohio-510, ¶ 81. Generally, a defendant must raise the issue that a sentence is disproportionate to sentences imposed upon other offenders before the trial court and present some evidence, however minimal, to provide a starting point for analysis and to preserve the issue for appeal. *State v. Searles*, 8th Dist. Cuyahoga No. 96549, 2011-Ohio-6275, ¶ 25, quoting *State v. Edwards*, 8th Dist. Cuyahoga No. 89181, 2007-Ohio-6068, ¶ 11.

{¶ 19} Defense counsel referred to "co-defendants" in arguing to the court that there should be "joint and several liability" for the restitution that was ordered; the court referred to a related, unresolved case and stated that it (the court) would be willing to consider shared responsibility for restitution "as other matters come to resolution down the road." Kosak's attorney also described her as a low-paid "runner" or "gopher" who made a poor decision to help a friend and ended up facing significant prison time; he stated his concern that others with greater culpability might "end up with a sentence significantly less." At that time, however, these concerns were speculative. There is no information in the record or in Kosak's brief about the offenses with which her "co-defendants" were ultimately charged or convicted and/or the sentences they received. However, based on the trial court's comments at the sentencing hearing, we recognize that the other participants in

these crimes may have been sentenced after Kosak was.

{¶ 20} Nonetheless, Kosak has failed to present any evidence that her "co-defendants" were similarly situated to her. The offenses for which they were charged and convicted (if any), whether they went to trial or entered pleas, the terms of their plea agreements (if any), the sentences imposed, and other pertinent factors, such as their ages, criminal records, and remorsefulness, are unknown to us. The trial court may have taken a variety of factors into account when it imposed its sentences on those defendants, and these factors may have justified treating those defendants differently from Kosak.

{¶ 21} Moreover, there is no requirement that co-defendants receive equal sentences. Each defendant is different and nothing prohibits a trial court from imposing two different sentences upon individuals convicted of similar crimes. *State v. Berlingeri*, 8th Dist. Cuyahoga No. 95458, 2011-Ohio-2528, ¶ 12. "When that happens, 'the task of the appellate court is to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice.'" *Id.*, citing *State v. Beasley*, 8th Dist. Cuyahoga No. 82884, 2004-Ohio-988, ¶ 24; *see also State v. Bailey*, 2d Dist. Clark No. 2011 CA 40, 2012-Ohio-1569, ¶ 19. Kosak has failed to establish any unfairness in the sentence that she received, or that it was "outside the mainstream of local judicial practice."

{¶ 22} The second assignment of error is overruled.

{¶ 23} The judgment of the trial court will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Elizabeth A. Ellis
Charles W. Slicer, III
Hon. Stephen A. Wolaver