[Cite as *State v. Truss*, 2022-Ohio-3859.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Earle E. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 22 CAA 020010 |
| ANTHONY TRUSS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Delaware Court of
                             Common Pleas, Case No. 21CRI030142

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      October 28, 2022

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MELISSA A. SCHIFFEL                   WILLIAM T. CRAMER
Delaware County Prosecutor            470 Olde Worthington Road, Ste. 200
145 North Union Street, 3rd Floor     Westerville, OH 43082
Delaware, OH 43015

*Gwin, J.,*

{¶1}   Defendant-appellant Anthony D. Truss, Jr. ["Truss"] appeals his maximum sentence after a negotiated guilty plea in the Delaware County Court of Common Pleas.

*Facts and Procedural History*

{¶2}   On March 3, 2021, Truss and a friend were shopping inside the Polaris Fashion Place mall, with the friend's child.  Truss became aware that his former girlfriend and mother of his child was also in the store with the child and an individual named Levon Sommerville ("Sommerville").   At some point, Truss approached them.  Truss picked-up his child and showed the baby to some relatives that were with him.  Truss then put the baby back in the carriage and the two groups continued to separately browse the same store.

{¶3}   After a few minutes, Truss approached his ex-girlfriend again and attempts to take the carriage with the child inside it.  An argument ensued over whether Truss could have custody of the baby that day.  From the video surveillance footage provided to the trial court, it appears words are being exchanged and the parties both seem to be agitated.  Sommerville pulls Truss's ex-girlfriend behind him and withdraws a firearm from his jacket pocket.  The two continue to verbally jab for about ten seconds before Sommerville pushed Truss.  Truss then lunges forward and the pair scuffle.  Sommerville withdraws backwards, eventually falling to the ground with the firearm still in hand.  While falling backwards, Sommerville is seen pointing the firearm upward in the area of where Truss is standing.  Sommerville fires one gunshot.   Sommerville then turns his back and slowly walks out of the store.  Sommerville is seen on camera footage simply walking away through the main aisle

ways of Polaris Fashion Place with his back towards the entrance of the store.  A short time later, Truss is seen withdrawing his own firearm and quickly walking through the store with the firearm at his side.  Truss exits the store. When Truss sees Sommerville, he shoots at least four times in the direction of Sommerville.  This occurred in the main walkway of Polaris Fashion Place where a handful of other shoppers were located.  Truss and Sommerville both run in opposite directions and exit the mall.

{¶4}    Both Truss and Sommerville were arrested in Georgia a month later. Both eventually gave statements claiming they were acting in self-defense.

{¶5}    In April 2021, Truss and Sommerville were jointly indicted for attempted murder in violation of R.C. 2923.02, a first-degree felony; felonious assault with a deadly weapon in violation of R.C. 2903.11(A)(2), a second-degree felony; and inducing panic in violation of R.C. 2917.31(A)(3), a third-degree felony.  Each count included a firearm-use specification under R.C. 2941.145. [Docket Entry No. 6].  Additionally, Sommerville was separately charged with having a weapon while under disability in violation of R.C. 2923.13, a third-degree felony.

{¶6}    On December 7, 2021, Truss entered pleas of guilty to Count Two, Felonious Assault, with the accompanying firearm specification and a lesser included offense of Inducing Panic, a misdemeanor of the first degree.  No other agreements were made between the parties.

{¶7}    The court held a sentencing hearing on January 10, 2022.  The court sentenced Truss to an indefinite prison term of eight to twelve years on Count Two plus an additional three-year term for the Firearm Specification.  The misdemeanor on Count

Three was to run concurrently. The total aggregate prison term imposed was thus eleven to fifteen years in prison. The court granted 243 days of jail time credit. Truss was also notified that he would be subject to a mandatory five years of supervision under post release control.

*Assignments of Error*

{¶8} Truss raises two Assignments of Error,

{¶9} "I. BY CLEAR AND CONVINCING EVIDENCE, THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S DECISION TO IMPOSE A MAXIMUM PRISON TERM ON APPELLANT.

{¶10} "II. INDEFINITE PRISON TERMS IMPOSED UNDER THE REAGAN TOKES LAW VIOLATE THE JURY TRIAL GUARANTEE, THE DOCTRINE OF SEPARATION OF POWERS, AND DUE PROCESS PRINCIPLES UNDER THE FEDERAL AND STATE CONSTITUTIONS."

I.

{¶11} In his First Assignment of Error, Truss argues that the record does not support the trial court's imposition of the maximum sentence. Specifically, Truss contends a maximum prison term imposes undue burdens on the state prison system, is not commensurate with the seriousness of Truss's conduct, and is not consistent with a sentence imposed for a different offender, namely Sommerville. [Appellant's brief at 8].

**Standard of Appellate Review**

{¶12} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial-court record, including any oral or written statements and presentence-investigation reports. R.C. 2953.08(F)(1) through (4).

{¶13}  We review felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31.  R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.  *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶28.

Issue for Appellate Review: *Whether Truss's sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12*

**Waiver**

{¶14}  The state contends that Truss, "waived his right to appeal his sentence as part of his Crim.R. 11(F) agreement with the State of Ohio, including his rights under R.C. 2953.08…." [Appellee Brief at 4].  We disagree.

{¶15}  In accordance with R.C. 2953.08(A)(1), Truss is entitled to appeal as of right the maximum sentence imposed on his conviction.  Further the Crim.R. 11(F) agreement signed by Truss, his attorney, the prosecuting attorney, and filed with the trial court specifically states,

I understand my right to appeal a maximum sentence, my other

limited appellate rights and that any appeal must be filed within 30 days of

my sentencing.

*Withdrawal of Former Plea of Not Guilty to the Indictment Written Plea of Guilty to Count*

*Two of the Indictment and a Lesser Included Offense of Count Three of the Indictment*

*and Judgment Entry on Guilty Plea,* filed Dec. 7, 2021, p. 4.  [Docket Entry No. 101].

**{¶16}** Accordingly, Truss did not waive his right to appeal the maximum sentence imposed by the trial court.

### R.C. 2929.11 and R.C. 2929.12 and Maximum Sentences

**{¶17}** A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016–Ohio–5234, ¶ 10, 16; *State v. Taylor,* 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶16.

**{¶18}** Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, "neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, *citing State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and State *v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

**{¶19}** R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.  *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39.  The Ohio Supreme Court further elucidated in *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10, "R.C. 2953.08, as amended,

precludes second-guessing a sentence imposed by the trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."

**{¶20}** In *State v. Bryant,* the Court recently clarified the holding in *State v. Jones*,

The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones,* this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are "'otherwise contrary to law.'" *Jones* at ¶ 32, *quoting* R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means "'in violation of statute or legal regulations at a given time.'" Id. at ¶ 34 quoting Black's Law Dictionary 328 (6th Ed.1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

Slip Opinion No. 2020-0599, 2022-Ohio-1878(June 7, 2022), ¶22.

**{¶21}** In the case at bar, the trial court considered the pre-sentence investigation report and the statements from Truss, his attorney and the state's attorney.

**{¶22}** The trial court found that Truss exited a store and fired several shots at Sommerville in the common area of the mall. Truss fled Ohio and was arrested over one month later in the State of Georgia. Truss admitted that he went after Sommerville and fired several shots at him. The trial court was aware of Sommerville's sentence in the companion case. Sent. T., Jan. 10, 2022 at 17. The trial court considered the seriousness and recidivism factors, as well as the purposes and principles of sentencing. Id. at 17-18.

**{¶23}** We conclude that the trial court did not commit error when it sentenced Truss. Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. While Truss may disagree with the weight given to these factors by the trial judge, Truss's sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law. Truss has not demonstrated that the trial court imposed the sentence based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12.

**Co-defendant's Sentence**

**{¶24}** We do not have the pre-sentence investigation report or the sentencing transcript from Sommerville's case, as they were not included as part of the record on appeal.

**{¶25}** In *State v. Hill*, 70 Ohio St.3d 25, 635 N.E.2d 1248 (1994), the defendant was convicted of complicity to trafficking in marijuana, and sentenced to one year in prison and further ordered to forfeit his apartment complex. His co-defendant received probation instead of a prison sentence. Id. at 29, 635 N.E.2d at 1252. On appeal, he argued that

the trial court abused its discretion by giving him a harsher sentence than was given his co-defendant.  Id. The Ohio Supreme Court observed,

> There is no question that on its face the sentence received by appellant, when compared to Newbauer's punishment, is disproportionate. Given the fact that Newbauer received probation, appellant's one-year prison sentence does appear to be harsh.  However, as a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits.  *See, generally, Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 24, 34 O.O.2d 13, 14, 213 N.E.2d 179, 180-181.  *See, also, State v. Cassidy* (1984), 21 Ohio App.3d 100, 102, 21 OBR 107, 108-109, 487 N.E.2d 322, 323; *State v. Burge* (1992), 82 Ohio App.3d 244, 249, 611 N.E.2d 866, 869; and *State v. Grigsby* (1992), 80 Ohio App.3d 291, 302, 609 N.E.2d 183, 190.

70 Ohio St.3d at 29, 635 N.E.2d 1248.  *See also*, *State v. Roberts,* 5th Dist. Richland No. 2020CA0035, 2021-Ohio-90, ¶102; *State v. Leffel,* 11th Dist. Ashtabula No. 2017-A-0085, 2019-Ohio-1840, ¶19.

**{¶26}**  Truss cites no precedent, or any other authority, for reversal of an otherwise valid sentence on the basis that more culpable co-defendants were not punished more severely.  There is no requirement that co-defendant's receive equal sentences.  *State v. Lloyd,* 11th Dist. No.2002-L-069, 2003-Ohio-6417 at ¶ 21; *United State v. Frye*, 831 F.2d 664, 667(6th Cir. 1987).  Each defendant is different and nothing prohibits a trial court

from imposing two different sentences upon individuals convicted of similar crimes. *State v. Aguirre,* 4th Dist. No. 03CA5, 2003-Ohio-4909, ¶ 50.

**{¶27}** In this case, there is nothing in the record to show that the difference in Truss's sentence from those of his co-defendant was the result of anything other than the individualized factors that were applied to Truss. *State v. Beasley*, 8th Dist. No. 82884, 2004-Ohio-988, ¶23.

**{¶28}** Truss's First Assignment of Error is overruled.

II.

**{¶29}** In his Second Assignment of Error, Truss contends the Reagan Tokes Act is unconstitutional. Specifically, he argues the Reagan Tokes Act violates his constitutional right to trial by jury and due process of law, and further violates the constitutional requirement of separation of powers.

**{¶30}** For the reasons stated in my dissenting opinion in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law does not violate an appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in *Wolfe* as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, and Twelfth Districts, and by the Eighth District sitting *en banc*. *See e.g.*, *State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4154; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.

**{¶31}** Truss's Second Assignment of Error is overruled.

{¶32} The judgment of the Delaware County Court of Common Pleas is affirmed.

By Gwin, J.,

Wise, Earle, J., and

Delaney, J, concur