[Cite as *State v. Veto*, 2013-Ohio-1797.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98770

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY T. VETO

DEFENDANT-APPELLANT

---

### JUDGMENT:
## AFFIRMED IN PART; REVERSED IN PART AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-559232

**BEFORE:** Kilbane, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 2, 2013

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, Ohio 44067

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
William Leland
Katherine Mullin
Assistant County Prosecutors
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} This appeal is a companion case arising out of the same events as contained in *State v. Piscura*, 8th Dist. No. 98712.

{¶2} Defendant-appellant, Anthony Veto ("Veto"), appeals his sentence from his convictions for aggravated arson, attempted murder, unlawful possession of a dangerous ordnance, and possessing criminal tools. For the reasons set forth below, we affirm in part, reverse in part, and remand for a hearing on the issue of restitution.

{¶3} In February 2012, Veto and codefendant David Piscura ("Piscura") were charged in a nine-count indictment resulting from the firebombing of a house on Russell Avenue in Parma. Counts 1, 3, and 5 charged both defendants with aggravated arson in violation of R.C. 2909.02(A)(1). Counts 2, 4, and 6 charged both defendants with attempted murder in violation of R.C. 2923.02 and R.C. 2903.02(A). Count 7 charged both defendants with aggravated arson in violation of R.C. 2909.02(A)(2). Count 8 charged both defendants with unlawful possession of a dangerous ordnance in violation of R.C. 2923.17(A). Count 9 charged both defendants with possessing criminal tools in violation of R.C. 2923.24(A) and carried a furthermore clause that they possessed an incendiary device "and/or a Rock and/or a 2004 Toyota" with the purpose to use them criminally.[1] In Counts 1 and 2, the named victim was Kimberly Stillman ("Stillman"). In Counts 3 and 4, the named victim was Jason Hamila ("Hamila"). Angeline Zimmerman ("Zimmerman") was the named victim in Counts 5 and 6. As the owners of

---

[1]Each of Counts 1-9 carried a forfeiture specification.

the Russell Avenue residence, Ronald and Roxanne Churby ("the Churbys") were the victims in Count 7.

{¶4} In June 2012, Veto pled guilty to the indictment. The trial court then referred Veto to the probation department for a presentence investigation and the court psychiatric clinic for a mitigation report. The trial court held a sentencing hearing in July 2012 for both Veto and Piscura. The victims and law enforcement officials addressed the court.

{¶5} Hamila and Zimmerman lived in a rental house on Russell Avenue that is owned by the Churbys. Stillman, who was Veto's ex-girlfriend, was temporarily living with Hamila and Zimmerman. During the early morning hours of January 13, 2012, Veto texted Piscura that "I can make three firebombs, and I know one place that needs it. * * * Got all the tools. Just need a ride. * * * Got rags and a bottle and a sledgehammer ready. I'm going to gas them up as soon as you get here." Piscura agreed to pick Veto up and drive him to Russell Avenue. Veto brought with him two Molotov cocktails that he had constructed out of glass bottles filled with gasoline, a sledgehammer, and a rock.

{¶6} Piscura parked his car down the street from the Churbys' house. Neighbors observed both the car and "a hooded man" approach the Churbys' house. Veto used the rock to break the front window of the house and threw both firebombs into the house. When the firebombs hit the home, it exploded in fire. Zimmerman and Hamila were awake at the time and were able to wake up Stillman. They were all able to run out of the

house before it exploded. The house was a total loss, and the three of them lost all of their personal property.

{¶7} At the sentencing hearing, Veto argued that all counts should merge.[2] The state of Ohio ("State") conceded that only Counts 1 and 2, Counts 3 and 4, and Counts 5 and 6 merge for the purposes of sentencing. The State elected to have the court sentence Veto on Counts 2, 4, and 6. The trial court sentenced Veto to nine years in prison on each of Counts 2, 4, and 6, seven years in prison on Count 7, and six months in prison on each of Counts 8 and 9, with all counts to be served concurrently, for a total of nine years in prison. The trial court ordered that court costs and fines be waived.

{¶8} Veto now appeals, raising the following three assignments of error for review.

ASSIGNMENT OF ERROR ONE

---

[2]We acknowledge that the concurring opinion would sua sponte consider the issue of allied offenses. However, as noted in the concurrence, Veto raised the issue of allied offenses at his sentencing hearing, but failed to raise the issue before this court on direct appeal. App.R. 16 requires that the appellant's brief shall include a "statement of the assignments of error presented for review" and "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented[.]" *Id.* at (A)(3) and (7). Furthermore, the court of appeals shall "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16" and the "[t]he court may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(1)(b) and (2). Therefore, pursuant to App.R. 12(A) and 16(A), we decline to sua sponte consider the issue of allied offenses.

The sentencing of the trial court is contrary to law because it did not properly consider the purposes and principles of felony sentencing contained in R.C. 2929.11.

## ASSIGNMENT OF ERROR TWO

[Veto] was denied due process of law when the trial court ordered restitution in its sentencing entry but did not order restitution at [Veto's] sentencing hearing.

## ASSIGNMENT OF ERROR THREE

The trial court erred in failing to consider [Veto's] present and future ability to pay restitution in the amount of $2,000.

## R.C. 2929.11

{¶9} In the first assignment of error, Veto argues that his sentence is contrary to law because the trial court failed to impose a sentence consistent with sentences imposed upon similarly situated offenders. Veto contends that the trial court failed to consider the purposes of felony sentencing as set forth in R.C. 2929.11 when it sentenced him to nine years in prison, but sentenced codefendant Piscura to six years in prison.

{¶10} In reviewing a felony sentence, we take note of R.C. 2953.08(G)(2), which provides in pertinent part:

> The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶11} Relevant to this appeal, a felony sentence shall be "commensurate with and not [demean] the seriousness of the offender's conduct and its impact upon the victim, and [shall be] consistent with sentences imposed for similar crimes committed by similar offenders."  R.C. 2929.11(B).

{¶12} This court has previously found that in order to support a contention that a sentence is disproportionate to sentences imposed upon other offenders, the defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal.  *State v. Edwards*, 8th Dist. No. 89181, 2007-Ohio-6068; *State v. Lang*, 8th Dist. No. 92099, 2010-Ohio-433, *discretionary appeal not allowed,* 126 Ohio St.3d 1545, 2010-Ohio-3855; *State v. Cooper*, 8th Dist. No. 93308, 2010-Ohio-1983.  A review of the record in the instant case reveals that defense counsel raised the issue of proportionality at the sentencing hearing.  Defense counsel incorporated as "Exhibit A" a list of arson cases in Cuyahoga County in the past two years.  Defense counsel included this exhibit "for the proportionality argument for a reviewing court."  Therefore, because Veto raised the issue of proportionality in the trial court, he has preserved the issue for appeal.

{¶13} Veto contends that he and Piscura were similarly situated and his nine-year sentence is disproportionate to Piscura's six-year sentence.  The applicable analysis in

assessing the proportionality of a sentence, however, is whether the sentence is proportionate to the severity of the offense committed, so as not to "shock the sense of justice in the community." *State v. St. Martin*, 8th Dist. No. 96834, 2012-Ohio-1633, ¶ 13, quoting *State v. Chaffin*, 30 Ohio St.2d 13, 282 N.E.2d 46 (1972). *See also* R.C. 2929.11(B). In *State v. Berlingeri*, 8th Dist. No. 95458, 2011-Ohio-2528, we stated:

> There is no requirement that co-defendants receive equal sentences. "Each defendant is different and nothing prohibits a trial court from imposing two different sentences upon individuals convicted of similar crimes." When that happens, "the task of the appellate court is to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. We bear in mind that although offenses may be similar, there may be distinguishing factors that justify dissimilar sentences." (Citations omitted.)

*Id.* at ¶ 12.

{¶14} Here, there were distinguishing factors to justify the dissimilar sentences, which the trial court stated on the record. Veto was the mastermind behind the firebombing of the home where his ex-girlfriend was living, and Piscura assisted Veto with his plan. The trial court stated that: "[Veto] did intentionally do this. [He] planned it out. It was very callous." The trial court noted that Veto sought Piscura's assistance via texts. Veto texted to Piscura: "I can make three firebombs, and I know one place that needs it. * * * Got all the tools. Just need a ride. * * * Got rags and a bottle and a sledgehammer ready. I'm going to gas them up as soon as you get here." Piscura responded: "Sweet. * * * [I'm in] your driveway." The trial court further stated that Veto "went to the house, threw [the firebombs] in, and then fled." With respect to Piscura, the trial court stated he knew that incendiary devices were being prepared and

then assisted Veto to utilize those devices. Based on the foregoing, we cannot say that Veto's sentence is so unusual as to be outside the mainstream of local judicial practice.

{¶15} Therefore, the first assignment of error is overruled.

Restitution

{¶16} In the second assignment of error, Veto challenges the trial court's restitution order in the amount of $2,000. He contends that the restitution order is contrary to law because it was not made in open court as required by R.C. 2929.18(A)(1). The State concedes this error and requests that we remand the matter for a hearing on the restitution order.

{¶17} R.C. 2929.18(A)(1) provides in pertinent part:

[T]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section[.] Financial sanctions that may be imposed pursuant to this section include * * * [r]estitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court.

{¶18} In the instant case, a review of the sentencing hearing transcript reveals that the trial court failed to inform Veto in open court that he was required to pay restitution, but imposed a restitution order of $2,000 in the sentencing journal entry. "Accordingly, we are compelled to reverse the order of restitution and remand for the trial court to address the matter in open court as required by law." *State v. Burrell*, 8th Dist. No. 96123, 2011-Ohio-5655, ¶ 32 (where we reversed the order of restitution and remanded

for a hearing when the trial court ordered restitution in the sentencing entry, but not at the sentencing hearing.)

**{¶19}** Therefore, the second assignment of error is sustained.

**{¶20}** In the third assignment of error, Veto contends that the trial court erred in failing to consider his present and future ability to pay restitution as required by R.C. 2929.19(B)(5). However, based on our disposition of the second assignment of error, the third assignment of error is moot. *See* App.R. 12(A)(1)(c).

**{¶21}** Accordingly, judgment is affirmed in part, reversed in part solely as to the restitution order, and remanded for a hearing on the issue of restitution.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
LARRY A. JONES, SR., P.J., CONCURS IN JUDGMENT ONLY (SEE SEPARATE OPINION)


LARRY A. JONES, SR., P.J., CONCURRING IN JUDGMENT ONLY:

{¶22} I concur in judgment only.   While I agree with the majority on the their disposition of the assigned errors, I would also consider whether Veto's convictions were allied offenses of similar import that should have merged pursuant to R.C. 2941.25. Although the issue of allied offenses was not raised in his appeal, it was raised by counsel at Veto's sentencing hearing.   Thus, I would sua sponte consider the issue.   *See State v. David Piscura*, 8th Dist. No. 98712.