[Cite as *State v. McDowell*, 2014-Ohio-3900.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.   26697 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DURELL L. MCDOWELL | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.   CR 12 06 1651 |

DECISION AND JOURNAL ENTRY

Dated: September 10, 2014

MOORE, Judge.

{¶1}    Appellant, Durell McDowell, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

{¶2}    Early on the morning of May 16, 2012, two men attacked Dwight Fish outside a CVS pharmacy. According to Mr. Fish, who was homeless at the time, he approached the men's car because he believed that one of them had offered him a place to sleep. Mr. Fish was wrong about the man's identity, however, and found himself in a confrontation with a man whom he had set up in a controlled drug buy for the Akron Police Department. As a result of the physical encounter that ensued, Mr. Fish suffered a bruised rib and several other injuries, and his assailants took $43 cash from his pocket before he fled on foot.

{¶3}    Akron Police identified Mr. McDowell as "Rail," one of the men selected by Mr. Fish from a photo array after the attack. Mr. McDowell was charged with aggravated robbery in

violation of R.C. 2911.01, along with a gun specification pursuant to R.C. 2941.145, (2) intimidation of a crime victim or witness in violation of R.C. 2921.04(B), and (3) robbery in violation of R.C. 2911.02(A)(2), along with a gun specification. A jury found Mr. McDowell guilty of aggravated robbery, robbery, and intimidation, but not guilty of the gun specification. The trial court merged the robbery offenses for purposes of sentencing and sentenced Mr. McDowell to seven years in prison. The trial court also concluded that Mr. McDowell committed the crimes while he was on post-release control and sentenced him to an additional one-year prison term. Mr. McDowell appealed.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN FINDING [MR.] MCDOWELL GUILTY OF AGGRAVATED ROBBERY BECAUSE IT WAS BASED UPON AN INCONSISTENT JURY VERDICT.

{¶4} In his first assignment of error, Mr. McDowell has argued that the trial court should have acquitted him of aggravated robbery because the jury found him not guilty of the accompanying gun specification. We disagree.

{¶5} "The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count." *State v. Brown*, 12 Ohio St.3d 147 (1984), syllabus. Thus, when a jury returns a guilty verdict on one charge but returns a verdict of not guilty on a related charge, the verdicts may appear factually inconsistent, but reversal is not warranted on that basis. *U.S. v. Powell*, 469 U.S. 57, 62-67 (1984). This holds true even when a defendant is found guilty of an offense, but not guilty of the predicate offense. *Id.* at 64. "[A] verdict that convicts a defendant of one crime and acquits him

of another, when the first crime requires proof of the second, may not be disturbed merely because the two findings are irreconcilable." *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, ¶ 81. *See also Powell* at 67. Similarly, a finding of not guilty on a specification is independent of a finding of guilt on the principal offense charged. *State v. Perryman*, 49 Ohio St.2d 14, 26 (1976). "Specifications are considered after, and in addition to, the finding of guilt on the principal charge." *Id.*

{¶6} Mr. McDowell was convicted of aggravated robbery in violation of R.C. 2911.01(A)(1), which prohibits the commission of a theft offense when the offender "ha[s] a deadly weapon on or about the offender's person or under the offender's control and either display[s] the weapon, brandish[es] it, indicate[s] that the offender possesses it, or use[s] it." The jury found him not guilty of a gun specification as set forth in R.C. 2941.145(A), which provides for a mandatory three-year prison term when an offender has a firearm "on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." Although the principal charge and the gun specification arose from the same set of facts and share common elements, they are independent for purposes of the jury's consideration. *Perryman* at 26. To the extent that the jury's findings on the principal charge and the specification are factually irreconcilable, that is not grounds for reversal of Mr. McDowell's conviction for aggravated robbery. *See Gardner* at ¶ 81.

{¶7} Mr. McDowell's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ORDERING RESTITUTION WITHOUT MAKING A FINDING OR NOTIFYING [MR.] MCDOWELL IN OPEN COURT.

{¶8} Mr. McDowell's second assignment of error argues that the trial court erred when it ordered him to pay restitution to the victim in its sentencing order without first notifying him that it would impose restitution during the sentencing hearing. We agree.

{¶9} This Court reviews a sentence in two steps. First, we consider whether the sentence is contrary to law by examining whether the trial court complied with the applicable rules and statutes. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 26. If the sentence is not contrary to law, we proceed to the second step and consider whether the sentence in the particular case reflects an abuse of the trial court's discretion in sentencing. *Id*.

{¶10} Restitution to crime victims is authorized by R.C. 2929.18(A), which provides, in part:

> [T]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
>
> (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. * * * If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

This statute imposes the clear requirement that if the trial court orders restitution to the crime victim, it must do so "in open court." *Id*. *See also State v. Perkins*, 2nd Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 32-34; *State v. Veto*, 8th Dist. Cuyahoga No. 98770, 2013-Ohio-1797, ¶ 13-19; *State v. Ray*, 4th Dist. Scioto No. 04CA2965, 2006-Ohio-853, ¶ 17-18. By not imposing restitution upon Mr. McDowell in open court, the trial court erred.

{¶11} Mr. McDowell's second assignment of error is sustained.

ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE, PLAIN AND STRUCTURAL ERROR IN SENTENCING [MR.] MCDOWELL TO A ONE-YEAR PRISON SENTENCE FOR VIOLATING POST-RELEASE CONTROL WHEN THE JURY DID NOT FIND BEYOND A REASONABLE DOUBT THAT [MR.] MCDOWELL HAD VIOLATED HIS POST-RELEASE CONTROL IN VIOLATION OF HIS SXITH AMENDMENT AND FOURTEENTH AMENDMENT [*SIC*] TO THE U.S. CONSTITUTION.

{¶12} Mr. McDowell's third assignment of error argues that the trial court erred by imposing an additional twelve-month prison sentence for a violation of post-release control and by ordering the sentence to be served consecutively for the same reason. Specifically, Mr. McDowell has argued that the fact that he was on post-release control when the crime was committed was a fact that had to be found by a jury.

{¶13} When an offender commits a felony during a period on post-release control, R.C. 2929.141(A)(1) permits a trial court to terminate post-release control and impose a new prison term for the violation of post-release control to be served consecutively with any prison term imposed for the new felony. R.C. 2929.141(A)(1). A trial court must inform an offender at the time of sentencing that this consequence may follow from a violation of post-release control. R.C. 2929.19(B)(1)(e).

{¶14} In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court concluded that with respect to the federal sentencing guidelines, any fact other than a prior conviction that increases the maximum sentence must be found by a jury beyond a reasonable doubt. *See also Blakely v. Washington,* 542 U.S. 296 (2004). The Ohio Supreme Court considered Ohio's felony sentencing guidelines in light of *Apprendi* in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. In that case, the Court concluded that, consistent with *Apprendi* and *Blakely*, Ohio's sentencing statutes were unconstitutional to the extent that they required

factfinding for maximum sentences, sentences greater than the minimum, consecutive sentences, repeat violent offender sentences, and major drug offender sentences. R.C. 2929.141(A)(1) was not affected by the *Foster* decision.

{¶15} The constitutional concerns raised by *Apprendi*, *Blakely*, and *Foster* are not present in this case for two reasons. First, and fundamentally, R.C. 2929.141(A)(1) does not function as an enhancement to an offender's felony sentence based on additional facts. Instead, it permits the imposition of a separate prison term when a felony is committed during a period of post-release control related to a previous felony sentence. As a procedural protection, courts must inform the offender that this consequence could result from a violation of post-release control when the offender is sentenced on the original charge. *See generally State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085. Second, even if viewed as analogous to a sentencing enhancement, the fact that an offender was on post-release control at the time that a subsequent felony was committed is a fact akin to a previous conviction. It can be determined from information contained in court documents and, because it relates to recidivism, "'is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence.'" *State v. Hunter*, 123 Ohio St.3d 164, 2009-Ohio-4147, ¶ 35, quoting *Apprendi* at 488. *See also State v. Bostick*, 9th Dist. Summit No. 26880, 2013-Ohio-5784, ¶ 15 (noting that prior convictions, "stand[] apart from other facts that may serve to increase a potential penalty.").

{¶16} The trial court did not err by imposing a one-year prison term upon Mr. McDowell because he committed the crimes at issue during a period of post-release control. Because "[t]he existence of "error * * * [is] the starting point for a plain-error inquiry," Mr. McDowell's third assignment of error must be overruled whether analyzed as plain error or not. *State v. Hill*, 92 Ohio St.3d 191, 200 (2001).

ASSIGNMENT OF ERROR IV

[MR.] MCDOWELL WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT AT HIS SENTENCING HEARING WHEN THE TRIAL COURT IMPROPERLY IMPOSED A ONE-YEAR PRISON SENTENCE FOR VIOLATING POST-RELEASE CONTROL WHEN THE JURY DID NOT FIND BEYOND A REASONABLE DOUBT THAT [MR.] MCDOWELL HAD VIOLATED HIS POST-RELEASE CONTROL.

**{¶17}** Mr. McDowell's fourth assignment of error argues that trial counsel provided ineffective assistance by failing to object to the imposition of a prison sentence for violating post-release control. We disagree.

**{¶18}** This Court must analyze claims of ineffective assistance of counsel under a standard of objective reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989). Under this standard, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland*, 466 U.S. at 687. Mr. McDowell's fourth assignment of error must be overruled because, as explained above, there was no error in the imposition of the post-release control sanction to which counsel should have objected. In other words, counsel's performance was not deficient, so it follows that it was not ineffective. *See State v. Williams*, 9th Dist. Summit No. 25716, 2011-Ohio-6604, ¶ 14.

**{¶19}** Mr. McDowell's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN SENTENCING [MR.] MCDOWELL TO A ONE-YEAR PRISON SENTENCE FOR VIOLATING POST-RELEASE CONTROL WITHOUT SUFFICIENT EVIDENCE THAT HE WAS ON POST-RELEASE CONTROL.

ASSIGNMENT OF ERROR VI

[MR.] MCDOWELL WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT AT HIS SENTENCING HEARING WHEN THE TRIAL COURT IMPROPERLY IMPOSED A ONE-YEAR PRISON SENTENCE FOR VIOLATING POST-RELEASE CONTROL WITHOUT SUFFICIENT EVIDENCE THAT HE WAS ON POST-RELEASE CONTROL.

{¶20} Mr. McDowell's fifth and sixth assignments of error allege error in connection with the evidence supporting the trial court's conclusion that he had committed these crimes during a period of post-release control.

{¶21} It appears from the transcript of sentencing that the trial court determined the fact of Mr. McDowell's violation of post-release control based, at least in part, on the contents of the presentence investigation report prepared before sentencing. As the State noted at sentencing, however, the presentence investigation report did not address the length of time remaining on Mr. McDowell's period of post-release control. During sentencing, the State calculated the period remaining based on Mr. McDowell's release date, with the assent of both defense counsel and the trial court.

{¶22} With respect to the fact that Mr. McDowell was on post-release control, however, we cannot examine the record because the presentence investigation report is not part of the record on appeal. When an appellant does not provide a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm. *State v. Jalwan*, 9th Dist. Medina No. 09CA0065-M, 2010-Ohio-3001, ¶ 12, citing *Knapp v. Edwards Laboratories*, 61

Ohio St.2d 197, 199 (1980). Consequently, when the contents of a presentence investigation report are necessary to review the appropriateness of a sentence, an appellant must move to supplement the record on appeal with the report to enable our review. *See State v. Banks*, 9th Dist. Summit No. 24259, 2008-Ohio-6432, ¶ 14.

**{¶23}** Mr. McDowell did not move to supplement the record on appeal with the presentence investigation report so, to the extent that his fifth and sixth assignments of error require us to consider the evidence related to the fact of his post-release control, we must presume regularity and affirm.

**{¶24}** Mr. McDowell's fifth and sixth assignments of error are overruled.

III.

**{¶25}** Mr. McDowell's second assignment of error is sustained. His first, third, fourth, fifth, and sixth assignments of error are overruled. This matter is affirmed in part and reversed in part and remanded to the trial court for proceedings consistent with our disposition of Mr. McDowell's second assignment of error.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
CARLA MOORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

NEIL AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.