[Cite as *State v. Robinson*, 2017-Ohio-634.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2016-06-051 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 2/21/2017 |
| - vs - | | |
| | : | |
| WILLIE J. ROBINSON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16CR31715

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Thomas W. Kidd, Jr., P.O. Box 231, Harveysburg, OH 45032, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Willie Robinson, appeals the sentence he received in the Warren County Court of Common Pleas after he was found guilty of theft.

{¶ 2} Appellant was indicted in March 2016 on one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. The state alleged that appellant and an accomplice entered the River's Bend Wine & Spirits liquor store on January 25, 2016, and while appellant distracted the store clerk, the accomplice went in the office and stole money

from the safe. Appellant subsequently pled guilty as charged. The trial court held a sentencing hearing during which appellant, defense counsel, and the state addressed the court. On June 8, 2016, the trial court sentenced appellant to 12 months in prison and ordered him to pay $1,228.89 in restitution to River's Bend Wine & Spirits.

{¶ 3} Appellant now appeals, raising three assignments of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED WHEN ORDERING THE DEFENDANT TO PAY RESTITUTION IN THE AMOUNT OF $1,228.89.

{¶ 6} Appellant argues the trial court erred in ordering him to pay $1,228.89 in restitution to the liquor store because no evidence was presented during the sentencing hearing as to the amount of restitution, and "more importantly," the trial court never mentioned restitution during the sentencing hearing as required under R.C. 2929.18(A)(1).

{¶ 7} R.C. 2929.18(A)(1) provides in pertinent part that:

> [T]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section[.] Financial sanctions that may be imposed pursuant to this section include * * * [r]estitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court.

{¶ 8} A review of the sentencing hearing transcript reveals that the trial court failed to inform appellant in open court that he was required to pay restitution, and in fact, restitution was never mentioned, yet the court imposed a restitution order of $1,229.89 in its June 8, 2016 sentencing entry. Where a trial court fails to inform a defendant in open court that he or she is required to pay restitution as required under R.C. 2929.18(A)(1), an appellate court will reverse the restitution order and remand for the trial court to address the matter in open court

as required by law.  *State v. Veto*, 8th Dist. Cuyahoga No. 98770, 2013-Ohio-1797, ¶ 18 (reversing a restitution order and remanding for a hearing when the trial court ordered restitution in the sentencing entry, but not at the sentencing hearing); *State v. McDowell*, 9th Dist. Summit No. 26697, 2014-Ohio-3900, ¶ 10.

{¶ 9}  Appellant's first assignment of error is sustained.

{¶ 10}  Assignment of Error No. 2:

{¶ 11}  THE COURT COMMITTED PLAIN ERROR WHEN IT ORDERED WILLIE ROBINSON TO PAY RESTITUTION AND IMPOSED A FINANCIAL SANCTION UNDER R.C. 2929.18 WITHOUT CONSIDERING HIS PRESENT AND FUTURE ABILITY TO PAY.

{¶ 12}  Appellant challenges the restitution order, arguing the trial court failed to consider his present and future ability to pay in violation of R.C. 2929.19(B)(5).  However, this assignment of error is moot given our resolution of the first assignment of error.  *Veto*, 2013-Ohio-1797 at ¶ 20; App.R. 12(A)(1)(c).

{¶ 13}  Assignment of Error No. 3:

{¶ 14}  THE TRIAL COURT FAILED TO PROPERLY CONSIDER THE PRINCIPLES OF SENTENCING AND RECIDIVISM OF THE OFFENDER IN SENTENCING MR. ROBINSON TO THE MAXIMUM OF 12 MONTHS IN PRISON.

{¶ 15}  Appellant argues the trial court erred in sentencing him to the maximum term of 12 months in prison.  Appellant asserts his sentence is contrary to law because the trial court failed to address the seriousness and recidivism factors of R.C. 2929.12 during the sentencing hearing.

{¶ 16}  This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law.  *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8.  Pursuant to that statute, an appellate court may modify or vacate a sentence

only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9.

{¶ 17} After a thorough review of the record, we find no error in the trial court's decision to sentence appellant to the maximum 12-month prison term. As the record plainly reveals, appellant's sentence is not clearly and convincingly contrary to law because the trial court properly considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, imposed the required optional three-year postrelease control term, and sentenced appellant within the permissible statutory range for a fifth-degree felony in accordance with R.C. 2929.14(A)(5).

{¶ 18} "The fact that the trial court did not expressly cite to R.C. 2929.11 and 2929.12 during the sentencing hearing is immaterial, considering [the court] specifically cited to both statutes within its sentencing entry." *Julious*, 2016-Ohio-4822 at ¶ 11. In its sentencing entry, the trial court specifically stated that it "considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under [R.C.] 2929.11," and "balanced the seriousness and recidivism factors under [R.C.] 2929.12." Moreover, we note that during the sentencing hearing, the trial court referenced information in the presentence investigation report, appellant's extensive criminal history, and his recidivism risks. Thus, based on the record, it is clear the trial court properly considered the seriousness and recidivism factors as required by R.C. 2929.12.

*See Brandenburg*, 2016-Ohio-4918.

{¶ 19} The record further supports the trial court's sentencing decision. Given the fact that appellant has a lengthy criminal history involving 38 convictions for robbery, theft, burglary, and safecracking, 14 of which followed the same modus operandi as the case at bar, and the fact that the only time appellant, who is now 69 years old, has refrained from engaging in criminal activity was when he was incarcerated, the record supports the trial court's determination that the 12-month prison term is commensurate with the seriousness of appellant's conduct, necessary to punish appellant, and necessary to protect the public from future crime by appellant.

{¶ 20} Appellant's third assignment of error is overruled.

{¶ 21} Judgment affirmed in part, reversed in part solely as to the restitution order, and remanded for a hearing on the issue of restitution.

S. POWELL, P.J. and RINGLAND, J., concur.